UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HENRY ALEXANDER TOWNSEND,　　　　　　　　　Case No. 2:17-cv-00324-AA

　　　　Petitioner,　　　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

JERI TAYLOR, Superintendent of EOCI,

　　　　Respondent.

AIKEN, District Judge:

　　　　Petitioner, a prison inmate in the custody of the Oregon Department of Corrections, seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Petitioner argues that the relevant indictment failed to provide adequate notice of murder charges against him and he was not competent to stand trial. Petitioner further argues that his trial counsel was deficient in failing to raise and preserve the issues of notice and petitioner's incompetence. For the reasons explained below, petitioner's claims are procedurally defaulted and do not support habeas relief on their merits.

BACKGROUND

　　　　In April of 2010, petitioner was charged with numerous counts of Aggravated Murder, Murder, Assault in the First and Second Degrees, Burglary in the First Degree, Robbery in the

1　- OPINION AND ORDER

First and Second Degrees, and Unlawful Use of a Weapon. Resp't Ex. 102. The charges arose from an incident in which petitioner and two co-defendants forcibly entered a home, while armed, to steal drugs and money. In the process, they assaulted three people, one of whom died eleven days later as a result of his injuries.

Prior to trial, the State dismissed the several charges, including charges of Aggravated Murder and Unlawful Use of a Weapon. Petitioner waived his right to jury trial and agreed to trial before the court. Transcript of Proceedings (Tr.) 566-68.[1]

In December 2011, the trial court found petitioner guilty on four counts of Murder, one count of Assault in the First Degree, three counts of Assault in the Second Degree, three counts of Burglary in the First Degree, three counts of Robbery in the First Degree, and three counts of Robbery in the Second Degree. Resp't Ex. 101; Tr. 1333-35. At sentencing, the trial court imposed a life sentence with the possibility of parole after twenty-five years on the murder counts and a consecutive twelve-month sentence on one assault count, with the remaining sentences imposed concurrently. Tr. 1362-63; Resp't Ex. 103 at 55-73.

Petitioner directly appealed his convictions, and they were affirmed on appeal. Resp't Exs. 103, 106-07. In 2014, petitioner filed a state court petition for post-conviction relief (PCR), and he was appointed PCR counsel. Resp't Ex. 108. In October 2016, PCR counsel submitted a declaration indicating that he was unable to identify a valid claim for relief and that petitioner had been deemed incompetent and was unable to assist in identifying a viable claim. Resp't Ex. 114 at 3-5. The PCR court dismissed the petition, with final judgment entered on March 7, 2017. Resp't Ex. 113. Petitioner did not appeal.

---

[1] The transcript page numbers cited in this opinion are those located at the bottom right corner of the transcripts.

On February 27, 2017, petitioner sought federal habeas relief in this Court. He was appointed counsel, who filed amended petitions for relief.

DISCUSSION

Petitioner's Second Amended Petition alleges four grounds for relief: 1) petitioner was denied his rights to due process when the indictment failed to provide petitioner with adequate notice of the specific theory underlying three felony murder charges; 2) trial counsel rendered ineffective assistance by failing to adequately preserve or develop the factual basis to challenge the adequacy of the indictment; 3) the trial court denied petitioner his rights to federal due process by denying a motion for judgment of acquittal on an assault charge; and 4) petitioner's convictions violated his federal due process rights because he was mentally incompetent to stand trial. *See* Sec. Am. Pet. 2-3 (ECF No. 59). Petitioner also submitted a pro se supplemental claim, alleging that his trial counsel was ineffective when he "allowed and in fact compelled petitioner to relinquish his right to a jury trial" while incompetent. Supp. Cl. (ECF No. 57-1).

A. Ground One

In support of Ground One, petitioner argues that the indictment failed to give adequate notice of the theory underlying the felony Murder charges alleged in Counts Seven, Eight, and Nine. Those counts alleged that petitioner and his co-defendants killed the victim in the course of committing the crime of Burglary in the First Degree. Resp't Ex. 102 at 2-3. Under Oregon law, a person is guilty of burglary if the person "enters or remains unlawfully in a building with intent commit a crime therein." Or. Rev. Stat. § 164.215; *see also id.* § 164.225 (additional elements constituting Burglary in the First Degree). Petitioner maintains that Counts Seven, Eight, Nine were insufficient by failing to allege the specific crime that petitioner and his co-defendants intended to commit when they forcibly entered or remained unlawfully in the home. Respondent

argues that this claim was not fairly presented to the Oregon courts and is unexhausted and procedurally barred.

A state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (quotation marks omitted); *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court.").

Petitioner raised a claim similar to Ground One on direct appeal. Resp't Ex. 103. However, petitioner did not cite the Fourteenth Amendment, the federal constitution, or any other federal law in support of his argument. Instead, petitioner relied on the Oregon Constitution and Oregon statutory law. Resp't Ex. 103 at 40-43. Accordingly, petitioner did not fairly alert the Oregon appellate courts that he alleged a violation of his federal constitutional rights, and this claim is now barred by procedural default.

Regardless, petitioner's claim that he was denied notice of the charges against him is without merit. In Counts Seven, Eight, and Nine, the indictment alleged that petitioner and his

codefendants "did unlawfully and knowingly and intentionally commit and attempt to commit the crime Burglary in the First Degree" and caused the death of victim "in the course of and in furtherance of" that crime. Resp't Ex. 102 at 2-3. Granted, Counts, Seven, Eight, and Nine did not specify the underlying crimes petitioner intended to commit when he unlawfully entered and remained in the home. However, the counts charging petitioner with Burglary in the First Degree – Counts Eighteen, Nineteen and Twenty – specified the crimes of Theft, Assault, and Unlawful Use of a Weapon. Resp't Ex. 102 at 4-5. Further, prior to the trial, the prosecutor explicitly stated that the crimes underlying the burglary allegations in Counts Seven, Eight, and Nine were Theft, Assault, and Unlawful Use of a Weapon. Tr. 288.

Thus, petitioner was on notice that the felony Murder charges in Counts Seven, Eight, and Nine relied on Burglary in the First Degree and the underlying offenses of Theft, Assault, and Unlawful Use of a Weapon.

B. Ground Two

In Ground Two, petitioner alleges that trial counsel was ineffective for failing to adequately raise or preserve the issue of inadequate notice in the indictment. Respondent argues that petitioner failed to exhaust this claim in the Oregon courts during his PCR proceedings, and it is now procedurally defaulted. Respondent is correct.

Petitioner did not allege Ground Two in his PCR petition, and he can no longer present such a claim in a state PCR petition. Resp't Ex. 108; Or. Rev. Stat. § 138.510(3) (requiring PCR petitions to be filed within two years of final judgment). Accordingly, the claim is procedurally defaulted and barred from federal review.

Petitioner nonetheless asserts that the procedural default should be excused because his PCR counsel effectively abandoned him. *See Maples v. Thomas*, 565 U.S. 266, 281-83 (2012)

(procedural default may be excused if an attorney "abandons" a client without notice). I disagree. PCR counsel reviewed the files associated with petitioner's case, hired an investigator to assist him, and obtained a psychologist to evaluate petitioner. Resp't Ex. 114. The fact that PCR counsel could not identify a viable PCR claim does not necessarily constitute abandonment in these circumstances.

Even if petitioner's default is excused, he does not demonstrate entitlement to habeas relief on the merits. Petitioner's trial counsel demurred to the indictment on the basis that Counts Seven, Eight, and Nine failed to specify the underlying crimes that petitioner intended to commit while committing burglary. Tr. 289-90. Further, as explained above, Counts Eighteen, Nineteen, and Twenty and the prosecutor's explicit statements prior to trial provided petitioner with notice of the crimes forming the basis of the burglary allegations. Resp't Ex. 102; Tr. 288. Thus, any objection based on the sufficiency of the indictment would have been without merit, and petitioner cannot demonstrate deficient performance by trial counsel or resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (a claim of ineffective assistance of counsel requires a showing that counsel's "deficient performance prejudiced the defense").

C. Ground Three

In Ground Three, petitioner alleges that the trial court erred in denying his motion for judgment of acquittal on Count 11, charging Assault in the Second Degree and involving Julia McGarry. This charge was based on the theory that petitioner aided and abetted a co-defendant who repeatedly struck McGarry with a handgun during the robbery. Tr. 1291-95, 1303, 1332. Petitioner contends that no evidence showed he knew McGarry would be in the home when they forcibly entered it, and he could not have formed the intent to aid his co-defendant's eventual assault of McGarry. Thus, petitioner maintains that insufficient evidence supported his conviction

on Count 11. Petitioner raised this argument at trial, and he fails to show that the trial court unreasonably applied federal law in denying petitioner's motion for judgment of acquittal.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413.

In assessing a claim based on insufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In this case, evidence at trial showed that petitioner and his co-defendants each possessed weapons: a baseball bat, brass knuckles, and a handgun. Tr. 706-07, 814. Further, before petitioner entered the home, a co-defendant declared that they would "hit the first guy" they saw and "keep hitting him till they got what they wanted." Tr. 705.

Construing this evidence in the light most favorable to the State, the trial court reasonably found that petitioner knew and intended that anyone inside the home would be assaulted in order to obtain money or drugs, and that sufficient evidence supported petitioner's conviction on Count 11. Accordingly, petitioner fails to show entitlement to habeas relief on this ground.

7     - OPINION AND ORDER

D. Ground Four and Supplemental Pro Se Claim

In Ground Four and in his pro se claim, petitioner alleges that he was mentally incompetent to stand trial and unable to aid and assist in his defense, and that trial counsel was constitutionally ineffective by allowing petitioner to relinquish his right to a jury trial while incompetent.

Petitioner did not raise either of these claims on direct appeal or during his PCR proceedings and he can no longer do so; as a result, they are unexhausted and procedurally defaulted. Although petitioner suggests that procedural default does not apply to claims of incompetence, the Ninth Circuit has held otherwise. *See Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1307 (9th Cir. 1996) (rejecting the petitioner's argument that procedural default does not apply to claims concerning competence).

Moreover, the record does not support petitioner's claim of incompetence. Petitioner cites no evidence of record suggesting that was he unable to understand the proceedings against him or assist his lawyer and aid in his defense. Further, the record reflects that neither petitioner's trial counsel nor the trial court raised concerns about petitioner's competency at any time. In fact, when petitioner waived his right to a trial by jury, the trial court conducted a colloquy to ensure that his waiver was knowing and voluntary. Tr. 566-68. Petitioner responded appropriately to all of the trial court's questions and gave no indication that did not understand the proceedings or the right he was relinquishing. Instead, petitioner confirmed that he understood his right to a jury trial and the effect of waiving that right; that he had no concerns about whether the trial court had formed opinions regarding the case; that he had discussed the issue with his attorney; and that had no other questions. Tr. 566-68.

Granted, in March 2016, more than four years after petitioner's trial, an evaluator concluded that petitioner could not rationally consult with his PCR counsel. Pet. Ex. 1 (ECF No.

1); Resp't Ex. 114. However, this evidence does establish that petitioner was incompetent at the time of his trial in December 2011, particularly when the state court record demonstrates otherwise.

## CONCLUSION

The Second Amended Petition for Writ of Habeas Corpus (ECF No. 59) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this __31st__ day of March, 2020.

_____/s/Ann Aiken_____
Ann Aiken
United States District Judge